[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 1, 2007
THOMAS K. KAHN
CLERK

------------------------------------
No. 06-14671
Non-Argument Calendar
------------------------------------

D.C. Docket No. 06-00020-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MENELEO YANES AGUILERA,

Defendant-Appellant.

-------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
-------------------------------------------

**(November 1, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Menelo Yanes Aguilera ("Defendant") appeals his 46-month sentence for illegal reentry into the United States by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2). We find no reversible error; we affirm.

Defendant pled guilty to a one-count indictment charging him with illegal reentry into the United States. The Pre-Sentencing Investigation Report ("PSI") proposed a sentencing range of 46 to 57 months' imprisonment, based on the probation officer's finding that Defendant was removed from the United States after being convicted for trafficking cocaine, Defendant's acceptance of responsibility, and Defendant's criminal history. The district court adopted the PSI's sentencing calculations.

At the sentencing hearing, Defendant argued for a below-Guidelines sentence, based on several mitigating factors, including his extreme remorse, his poverty-stricken upbringing in Honduras, his lack of relatives in Honduras, and the discrimination he suffered in Honduras because of his sexual orientation. The district court denied Defendant's request for a reduced sentence and imposed a sentence of 46 months' imprisonment.

In announcing this sentence, the court stated that it had considered "the advisory recommendations of the . . . Guidelines, and all the factors identified

in . . . Sections 3553(a)(1) through (7)" and found "no reason to depart from the sentence called for by application of the guidelines." The court noted that the sentence was at the "low end of the guidelines" and that Defendant's current problems stemmed from his prior trafficking conviction, "a serious violation of our laws." The court also acknowledged that Defendant's entire family resided in the United States and noted that Defendant would be doing the same if he had not broken the law. Defendant objected to the sentence, arguing that it was "unreasonable and an abuse of discretion."

On appeal, Defendant argues that the sentence is unreasonable because the district court did not give real weight to the section 3553(a) mitigating evidence he presented at his sentencing hearing and that the sentence is greater than necessary to accomplish the goals of sentencing. Pursuant to the Supreme Court's instructions in United States v. Booker, 543 U.S. 220, 264-65, 125 S.Ct. 738, 767, 160 L.Ed.2d 621, we review a defendant's ultimate sentence for reasonableness. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). This review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both th[e] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Although we have said that a sentence within the Guidelines range is not

per se reasonable, we have noted that we would "ordinarily" expect such a sentence to be reasonable.* Id. We will only remand for re-sentencing if "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363.

A review of the record shows that Defendant's sentence is procedurally reasonable because the district court considered Defendant's arguments on the section 3553(a) mitigating factors in imposing Defendant's sentence. The court was not required to analyze specifically and to accept or to reject each of Defendant's arguments. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) ("[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."). The district court heard testimony and argument from Defendant on the proposed mitigating factors and ultimately concluded that the factors did not outweigh the seriousness of Defendant's criminal history, an element accounted for in the Guidelines calculation. See

---

*The Supreme Court concluded recently that a federal appellate court may apply a presumption of reasonableness to a properly calculated sentence falling within the Guidelines range. Rita v. United States, 127 S.Ct. 2456, 2463 (2007). We have noted that the rationale of Rita calls into question our reasons for not affording a presumption of reasonableness. See United States v. Campbell, 491 F.3d 1306, 1314 n.8 (11th Cir. 2007).

<u>United States v. Hunt</u>, 459 F.3d 1180, 1185-86 (11th Cir. 2006) (upholding sentence as reasonable where the district court expressly acknowledged that it had considered the section 3553(a) factors and "ultimately decided to give considerable weight to the Guidelines in this case"). Such a decision was within the sound discretion of the district court. <u>See</u> <u>Williams</u>, 456 F.3d at 1363 (stating that we will not "substitute our judgment in weighing relevant factors").

And, when considering Defendant's criminal history as an aggravated felon and the twenty-years statutory maximum term of imprisonment, we cannot say that Defendant's sentence at the low end of the Guidelines range was substantively unreasonable. We therefore affirm Defendant's sentence.

AFFIRMED.